```
         IN THE DISTRICT COURT FOR THE DISTRICT OF MARYLAND
                         NORTHERN DIVISION

Anthony Passauer                    *

      Plaintiff                     *

V                                   *    Civil Case No.: CCCB 03-CV-159

Quest Diagnostics Incorporated      *

      Defendant                     *

*    *    *    *    *    *    *    *    *    *    *    *
```

RESPONSE TO OBJECTIONS TO PLAINTIFF'S FIRST SET OF
INTERROGATORIES AND REQUEST FOR PRODUCTION AND
MOTION TO COMPEL DISCOVERY

Plaintiff, apologizing for wasting this Court's time on this petty discovery dispute,
responds to Defendant's objections as follows:

1. Plaintiff had surgery relating to life-threatening cancer in June, 2003. Accordingly,
the parties requested, and this Court granted, an extension of the discovery deadline until August
26, 2003. The Order, drafted by Defendant's counsel, also uses the language "for the purposes of
Defendant taking the deposition of Plaintiff," but the Agreed Motion to Modify Scheduling
Order requests that "discovery be extended by sixty days" and that "the other remaining
deadlines in the scheduling order also be extended by an equivalent amount."

2. It was Plaintiff's counsel's understanding, and also believed to be the intention of the
parties, that the discovery deadline in general, and all deadlines, in general, would be extended
for sixty days. Apparently, there was a misunderstanding or miscommunication. Rather than
filing an objection and wasting this Court's and the parties time, Defendant's counsel could have
simply called Plaintiff's counsel after receiving Plaintiff's discovery requests (which were mailed
on July 23), instead of filing a technical objection 23 days later, on August 15.

3. Plaintiff's counsel mailed discovery requests on July 23, 2003, more than thirty days
before the extended discovery deadline of August 26, 2003, giving Defendant's counsel enough
time to file responses within the rules.

4. Plaintiff's counsel has been more than accommodating, fair, and reasonable with
Defendant's counsel, as is always Plaintiff's counsel's practice, and is dismayed that Defendant's
counsel has filed such a petty, time-wasting objection. For example:

   a. Plaintiff consented to an extension of time for Defendant to file an Answer.

    b. Plaintiff never received Defendant's Notice of Intention to Remove this case to the District Court, due to an error in mailing on the part of Defendant's counsel. The case was removed without any notice to Plaintiff, yet Plaintiff's counsel did not file any technical motions that would have wasted this Court's, the parties, and the Circuit Court for Baltimore County's time.

    c. Plaintiff's counsel provided informal discovery to Defendant's counsel, without any formal written requests, in an effort to possibly resolve this case and save Defendant form additional attorney fees.

    d. Plaintiff's counsel did not object to Defendant's counsel's last minute postponing of Plaintiff's deposition on August 7. Defendant's counsel forgot to send a new Notice of Deposition, as requested by Plaintiff's counsel, when a new date of August 15 was chosen, which caused some confusion on the date of the deposition. Plaintiff's counsel allowed the deposition to take place, rather than making a technical, time-wasting objection because no Notice had been sent.

    5. Plaintiff's counsel has noticed that defense counsel, in general, are becoming less and less fair, reasonable, amicable, and accommodating, and are more interested in wasting time, billing extra hours, and causing harassment and delay, rather than furthering the expeditious administration of justice, which makes Plaintiff's counsel wonder why he ever gives them courtesy in the first place, and makes Plaintiff's counsel understand attorneys have such a bad reputation with the public.

    6. It is in the interest of fairness and justice that Defendant be required to respond to Plaintiff's discovery requests.

_____
J. Scott Morse, Esquire
Law Office of J. Scott Morse, LLC
334 St. Paul Place
Baltimore, MD 21202
(410) 539-1230
Attorney for Plaintiff

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this _____ day of _____, 2003, a copy

of the foregoing was mailed first-class, postage prepaid to:

Brian Steinbach, Esquire
Epstein Becker & Green, PC
1227 25th Street, NW - Ste 700
Washington, DC 20037
Attorney for Defendant

                                    _____
                                    J. Scott Morse, Esquire


      IN THE DISTRICT COURT FOR THE DISTRICT OF MARYLAND
                     NORTHERN DIVISION

Anthony Passauer                    *

     Plaintiff                      *

V                                   *    Civil Case No.: CCCB 03-CV-159

Quest Diagnostics Incorporated      *

     Defendant                      *

*    *    *    *    *    *    *    *    *    *    *    *

          CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 104.7

     I, Scott Morse, counsel for Plaintiff, called and left a voice mail for Defendant's counsel,
the week of August 18, 2003, requesting that he file responses to my discovery requests, rather
then stand on his objection that the requests were not timely, and stating that there may have been
a misunderstanding.  Defendant's counsel responded on August 28, 2003, with a two page letter,
stating "it would have been detrimental to my client's interests for it to simply ignore the passage
of the Court's discovery deadline," and "it would not be fair and reasonable to agree to respond
to discovery..."   I then left Defendant's counsel another voice mail stating that I believed he was
using a misunderstanding to avoid filing proper discovery, that in the interest of fairness and
justice he should file responses, and that if he did not, I would have choice to file a motion to
compel.  I received no response tot hat voice mail and have been unable to talk to Defendant's
counsel in person.


                                    _____
                                    Scott Morse


      IN THE DISTRICT COURT FOR THE DISTRICT OF MARYLAND

```
                      NORTHERN DIVISION

Anthony Passauer                    *

     Plaintiff                      *

V                                   *    Civil Case No.: CCCB 03-CV-159

Quest Diagnostics Incorporated      *

     Defendant                      *

*    *    *    *    *    *    *    *    *    *    *    *

                              ORDER
```

UPON REVIEW AND CONSIDERATION of Plaintiff's Motion to Compel Disscovery, and any response thereto, it is this _____ day of _____, 2003
ORDERED that Defendant file Responses to Plaintiff's discovery requests within 15 days
of this Order


_____
United States District Judge