**EXHIBIT D**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| **ANTHONY PASSAUER**<br>**Plaintiff,**<br>v.<br>**QUEST DIAGNOSTICS INCORPORATED,**<br>**Defendant.** | Civil No.: CCB 03-CV-159 |

### DECLARATION OF LYNN NEIDENBACH

I, Lynn Neidenbach, declare as follows:

1. I was formerly the Director of Human Resources for the Baltimore, Maryland business unit of Quest Diagnostics Inc. ("Quest"). As such I was based at Quest's Baltimore, Maryland facility, also known as its Arbutus, Maryland location. My office was located on Sulphur Spring Road. The facts in this Declaration are based on personal knowledge.

2. On or about April 5, 2000, Marilyn Martin, who was then a Human Resources Generalist reporting to me, informed me that Anthony Passauer, a warehouse employee who was then out on FMLA leave, had presented a doctor's certification to return to work that contained a thirty pound lifting restriction. I contacted Warehouse Manager Larry Bauernshub and asked him if he could accommodate this restriction. He told me that all of the jobs in the warehouse, even those of the workleaders, supervisors and managers (including himself), required lifting in excess of thirty pounds as an essential part of the job. Accordingly, he told me that he did not have any work that could accommodate Mr. Passauer's lifting restriction. This was consistent with what I knew about the warehouse operation as well.

3.    I then informed Ms. Martin that based on this information and my own knowledge of the physical requirements of the work in the warehouse, I had concluded that there were no jobs in the warehouse that did not involve lifting, and that we could not accommodate Mr. Passauer's light duty restriction even for a few weeks, as there would be nothing for him to do. Accordingly, I told her that the warehouse department could not accommodate Mr. Passauer's restrictions and that light duty was not an option, and that she should inform Mr. Passauer.

4.    I had no subsequent involvement with Mr. Passauer. To my knowledge, he never submitted a claim for severance under the company severance plan.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 20th day of September, 2003 at Selbyville, Delaware.



/s/*
Lynn Neidenbach

*Counsel hereby certifies that he has a signed copy of the foregoing document available for inspection at any time by the court or a party to this action.