**EXHIBIT E**

LOIS Federal District Court Opinions

BARNES v. MONTGOMERY COUNTY DEPARTMENT OF HEALTH, (Md. 1999)

SANDRA BARNES, PLAINTIFF, v. MONTGOMERY COUNTY DEPARTMENT OF HEALTH, DEFENDANT.

Civ. No. AW-99≥-≤754≥.

United States District Court, D. ≤Maryland, Southern Division

December 1, 1999.

**MEMORANDUM OPINION**

ALEXANDER WILLIAMS, JR., United States District Court Judge.

Presently before the Court is Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff filed an opposition, Defendant replied accordingly, and the motion is ripe for resolution. No hearing is deemed necessary. Local Rule 105.6 (D. Md.). Upon careful consideration of the parties' arguments, for the reasons stated below, the Court will grant Defendant's Motion, and give Plaintiff leave to amend the Complaint to properly plead Count I and to name the proper defendant.

**BACKGROUND**

Plaintiff Sandra Barnes is a former employee of the Montgomery County Department of Health ("Department" or "Defendant"). She began working as an administrative assistant with the Adult Assessment Center, a unit of the Department. Plaintiff claims she was diagnosed with Schizo Effective Disorder and Depression. Thereafter, in May 1993, she was hospitalized for approximately two weeks for depression. Plaintiff was granted three (3) months of medical leave under the Family and Medical Leave Act of 1993 ("FMLA"). Upon Plaintiff's return to work, Defendant assigned her to light duty for six (6) months working as an administrative assistant at the information desk in the security office. In February 1994, Plaintiff returned to full duty at the Department. According to her Complaint, upon her return to full duty, Defendant demoted her from her position as administrative assistant for the Adult Assessment Center to a position as administrative assistant for the Communicable Disease and Epidemiology Unit ("CDE"). Such demotion, she asserts, resulted in a reduction of duties, and a new set of less desirable duties. Plaintiff further contends that Defendant failed to adequately train her to handle various infected substances, failed to properly maintain the laboratory, and failed to provide her the necessary and required vaccinations to protect her against diseases.

Plaintiff claims that all of these factors exacerbated her illness. In either August or September of 1995, Plaintiff reported the hazardous conditions to the Office of Safety and

Health Administration ("OSHA") who in turn conducted an investigation of the premises and cited the Department for code violations. On October 1995, Plaintiff claims that she again was demoted and transferred out of the Department of Health into the Frost Center, which is a day care center and homeless shelter. During the same period, the Department requested that Plaintiff undergo a psychological examination. She refused, and the Department placed her on administrative leave for one year. Finally, Plaintiff was terminated on October 11, 1996.

Plaintiff filed a charge of discrimination against the Montgomery County Department of Heath[fn1] with the EEOC and received a right to sue letter on December 17, 1998. Plaintiff brings this action pursuant to the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C.A. § 12101 et seq., the Civil Rights Act of 1991, the Family and Medical Leave Act of 1993, 29 U.S.C.A. § 2615 et seq., and common law of Maryland. The Complaint alleges the following five claims: discrimination under ADA (Count I), violation of FMLA (Count II), wrongful discharge (Count III), intentional infliction of emotional distress (Count IV), and negligent infliction of emotional distress (Count V). Defendant now seeks dismissal of all counts.

## DISCUSSION

### I. Standard for Motion to Dismiss

It is well established that a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure should be denied unless it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim which would entitle it to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In determining whether to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), this Court must view the well-pleaded material allegations in a light most favorable to the plaintiff, and accept the factual allegations in the plaintiff's complaint as true. See Flood v. New Hanover County, 125 F.3d 249, 251 (4th Cir. 1997), citing Estate Constr. Co. v. Miller & Smith Holding Co., 14 F.3d 213, 217-18 (4th Cir. 1994); Chisolm v. TranSouth Finan. Corp., 95 F.3d 331, 334 (4th Cir. 1996); J.C. Driskill, Inc. v. Abdnor, 901 F.2d 383 (4th Cir. 1990).

The Court, however, is "not bound to accept as true a legal conclusion couched as a factual allegation." See Papasan v. Allain, 478 U.S. 265, 286 (1986), citing Briscoe v. LaHue, 663 F.2d 713, 723 (7th Cir. 1981). Nor is the Court "bound to accept [Plaintiff's] conclusory allegations regarding the legal effect of the facts alleged." United Mine Workers of Am. v. Wellmore Coal Corp., 609 F.2d 1083, 1085-86 (4th Cir. 1977). As the Fourth Circuit has explained, the purpose of Rule 12(b)(6) is to provide a defendant with a mechanism for testing the legal sufficiency of the complaint, and not the facts that support it. See Neitzeke v. Williams, 490 U.S. 319, 326-27 (1989); Randall v. United States, 30 F.3d 518, 522 (4th Cir. 1994); United Mine Workers, 609 F.2d at 1085 (4th Cir. 1979). Thus, a complaint may be dismissed as a matter of law if it lacks a cognizable legal theory, or it alleges insufficient facts under a cognizable legal theory. See Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir. 1984) (citing 2A J. Moore, Moore's Federal Practice ¶ 12.08 at 2271 (2d ed. 1982)).

## II. Count I: ADA Claim

Plaintiff claims that Defendant intentionally discriminated against her in violation of the ADA by "demoting the Plaintiff based on disability" and by "discharging the Plaintiff based on her disability." (See Compl. ¶ 31(a) and (b)). Presumably, the Plaintiff considers her diagnosis of Schizo Effective Disorder and Depression to be the disability she claims. Defendant contends that Plaintiff's Complaint fails to properly plead a claim upon which relief can be granted, namely that Plaintiff has not stated she is a "qualified individual with a disability" under the ADA. The Court concludes that Plaintiff has not stated a claim upon which relief can be granted under the ADA.

To establish a *prima facie* case of discrimination under the ADA, Plaintiff must show that: (1) she has a disability as defined by the ADA; (2) she was otherwise qualified for the employment with or without accommodation; and (3) she was demoted or discharged solely on the basis of the disability. See *Halperin v. Abacus Tech. Corp.*, 128 F.3d 191, 197 (4th Cir. 1997); *Doe v. University of Maryland Med. Sys. Corp.*, 50 F.3d 1261, 1265 (4th Cir. 1995); *Tyndall v. National Educ. Ctrs., Inc.*, 31 F.3d 209, 213 (4th Cir. 1994); *Adamczyk v. Chief, Baltimore County Police Dept.*, 952 F. Supp. 259, 263 (D. Md. 1997), aff'd, 134 F.3d 362 (4th Cir. 1998). Only those qualified individuals with a disability may seek redress pursuant to the ADA.

Under the first prong of a prima facie ADA case, an individual is considered to have a disability if he or she has "a physical or mental impairment that substantially limits one or more of the major life activities of such individual," or has "a record of such an impairment," or is "regarded as having such an impairment." 42 U.S.C. § 12102(2). The term "major life activities" has been defined as "functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 29 C.F.R. § 1630.2(I). To be "substantially limited" is to be:

> significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities. The inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working.

29 C.F.R. § 1630.2(j)(3)(i); *Sutton v. United Airlines, Inc.*, 119 S. Ct. 2139 (1999). "To be substantially limited in the major life activity of working, then, one must be precluded from more than one type of job, a specialized job, or a particular job of choice. . . . [I]f a host of different types of jobs are available, one is not precluded from a broad range of jobs." *Sutton*, 119 S. Ct. at 2151. Further, courts defining "substantially limits" have explained that a plaintiff must show the employer believed the plaintiff to be incapable of working at any number of jobs, not simply incapable of performing the duties of one particular job. See, e.g., *Smaw v. Virginia Dept. of State Police*, 862 F. Supp. 1469, 1474-75 (E.D. Va. 1994) (holding that plaintiff must show that employer regarded her as incapable of performing duties in entire field of law enforcement, not just

duties of active state trooper).

Finally, as for "being regarded as having such an impairment," the ADA regulations describe one who:

(1) has a physical or mental impairment that does not substantially limit major life activities but is treated by a covered entity as constituting such limitation;

(2) has a physical or mental impairment that substantially limits major life activities only as a result of the attitudes of others toward such impairment; or

(3) has none of the impairments defined in paragraph (h)(1) or (2) of this section but is treated by a covered entity as having a substantially limiting impairment.

29 C.F.R. § 1630.2(1). A person is "otherwise qualified" if he, "with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8).

Construing the Complaint liberally, the Court finds that Plaintiff plead sufficient factual allegations necessary to satisfy the pleading requirements for the second and third prong of an ADA prima facie case. In her Complaint, Plaintiff has plead that she was and is qualified for the job, exceeding her employer's expectations. (*Compl.* at ¶ 26). She asserts that she was "qualified for the position as an administrative assistant . . . despite her disability, since she satisfies the skill, experience, and other job-related requirements for the positions, and since she was and is able to perform the essential functions of such position without reasonable accommodation." (*Compl.* at ¶ 27). She has also alleged that she performed the essential functions of the job without accommodation and was demoted and discharged based on her disability. Plaintiff's claim, however, will be dismissed because she has failed to plead that she has a disability as defined by the ADA.

Plaintiff has not sufficiently plead the elements of a prima facie case under the ADA because she has not stated that she is a member of a protected class by virtue of a disability. *See Halperin v. Abacus Technology Corp.*, 128 F.3d 191, 196-197 (4th Cir. 1997).[fn2] Plaintiff's pleadings are deficient in that Plaintiff has not alleged she has an actual mental or physical impairment that substantially limits her in one or more major life activities. Neither has Plaintiff alleged that the Defendant mistakenly believes that she has a physical or mental impairment that substantially limits a major life activity. Furthermore, there is no allegation that there is a record of such impairment. Plaintiff merely includes the name of the alleged impairment in her complaint but such identification alone is not sufficient to allege a disability. *See* 29 C.F.R. pt. 1630, App. § 1630.2(j) ("The determination of whether an individual has a disability is not necessarily based on the name or diagnosis of the impairment the person has, but rather on the effect of that impairment on the life of the individual.")

Plaintiff has not plead sufficient facts on the effect of the alleged condition on her life. She has failed to allege

adequately that her mental condition is an impairment that substantially limits her in a major life activity, and that there are no corrective measures that mitigate her disability. Additionally, Plaintiff has not alleged that any major life activity at all has been limited. *See Forrisi v. Bowen*, 794 F.2d 931, 934-35 (4th Cir. 1986). She alleges only, in a conclusory fashion, that Defendant "intentionally discriminated against the Plaintiff based on her disability." Assuming that working is an activity that might be affected by her condition, Plaintiff gives the Court no indication that she was excluded from a class of jobs or a broad range of jobs in various classes as compared to the average person with comparable training, skill, and abilities. *See Cline v. Wal-Mart Stores, Inc.*, 144 F.3d 294, 302 (4th Cir. 1998). Thus, upon a reading of the Complaint, the Court can only conclude that Barnes' condition did not affect any of her major life activities. Plaintiff has not offered sufficient detail about the nature of the condition from which the court might conclude that it is a disability under the ADA. *See Lamb v. John Umstead Hosptial*, 19 F. Supp.2d 498, 511 (E.D.N.C. 1998) ("Rule 8(a)(2) requires, at a minimum, that a plaintiff asserting a claim under the ADA identify the nature of her alleged disability"). Because Barnes has failed to allege that she is a member of the class of persons protected by the ADA, the Court will dismiss her claim under the ADA (Count I).

The ADA Count is bereft of sufficient allegations to state a cognizable claim. While the Court has some reservations at this point whether the allegations can be fashioned to meet the first prong of a prima facie case under the ADA, the Court, nevertheless, will permit the Plaintiff to file an amended complaint to plead a cognizable claim under the ADA pursuant to Federal Rule of Civil Procedure 15(a). The Court will also permit Plaintiff to substitute Montgomery County as the Defendant.

### III.  Counts II and III:  **FMLA Claim and Wrongful Discharge Claim**

Plaintiff consents to the dismissal of her claims of an FMLA violation and wrongful discharge. With respect to these claims, Plaintiff, in her opposition states, "Although Plaintiff neither concedes nor opposes Defendant's argument, she does in fact consent to dismissal of Count II . . . [and] Count III of her complaint." (*Plaintiff's Opposition*, at p. 12). The Court finds that both of these claims should be dismissed.

Plaintiff's claim under the FMLA is time-barred under the FMLA's statute of limitations. An employee may bring suit in federal court to enforce her rights within two years of the disputed employment action, or no later than three years after a "willful violation" of the FMLA. 29 U.S.C. § 2617(c); *Rockwell v. Mack Trucks, Inc.*, 8 F. Supp.2d 499, 502 (D. Md. 1998). Plaintiff's Complaint alleges that the demotion occurred in February 1994 and that she was terminated on October 11, 1996. Construing the facts in the light most favorable to the Plaintiff, the Court will consider October 1996 to be the relevant date. Nothing in the Complaint suggests that any "willful violations" of the FMLA occurred which would warrant the application of a three-year statute. Thus, Plaintiff should have filed her Complaint by October 11, 1998, but did not do so until March 17, 1999. As such, Plaintiff has failed to meet the two-year

statutory period.

Even if the claim was timely, Plaintiff has failed to plead factual allegations sufficient to meet the elements for this cause of action. To establish a prima facie case under the FMLA, Plaintiff must plead that she is an "eligible employee" (1) who exercised an FMLA-protected right; (2) suffered an adverse employment decision; and that (3) there was a causal connection between the exercise of the right and the adverse action. *See Rockwell*, 8 F. Supp.2d at 502. Plaintiff does not allege that she exercised an FMLA-protected right. She states only that the employer permitted her to take medical leave for twelve weeks as allowed under the FMLA. Furthermore, Plaintiff has not demonstrated a causal connection between the alleged adverse employment decision and her exercise of an FMLA-protected right. Thus, the Court will dismiss Plaintiff's FMLA claim (Count II).

As for the wrongful discharge claim, Plaintiff claims that she was discharged due to Defendant's retaliation against her for her having reported of occupational safety violations. This claim must be dismissed because Plaintiff did not invoke the exclusive statutory remedy provided by Maryland law for such claims. Under Maryland law, there is no cause of action for wrongful discharge based on this type of retaliation claim because "the exclusive remedy for a MOSHA related wrongful discharge" is under the statute, Md. Code. Ann. (Lab. & Empl．) § 5-604(c). *See Silkworth v. Ryder Truck Rental, Inc.*, 70 Md. App. 264, 270 (1987); *Meadows v. Container Research Corp.*, No. Y-82-3353 (D. Md. April 27, 1983). Plaintiff's private suit to redress retaliatory discrimination is not recognized under Maryland law. Therefore, the Court will dismiss Plaintiff's wrongful discharge claim.

### IV. Count IV: Intentional Infliction of Emotional Distress

A cause of action for intentional infliction of emotional distress will lie only when each of the following four elements has been completely satisfied: (1) conduct must be intentional or reckless; (2) conduct must be extreme and outrageous; (3) there must be a causal connection between the wrongful conduct and the emotional distress; and (4) emotional distress must be severe. *Harris v. Jones*, 281 Md. 560, 566, 380 A.2d 611, 614 (1977); *Franklin v. King-Lincoln-Mercury-Suzuki, Inc.*, 51 F. Supp.2d 661 (D. Md. 1999) (Williams, J.). In considering such claims, Maryland courts have cautioned that liability for this tort should be imposed sparingly, and "`its balm reserved for those wounds that are truly severe and incapable of healing themselves.'" *Figueiredo-Torres v. Nickel*, 321 Md. 642, 653, 584 A.2d 69, 75 (1991) (quoting *Hamilton v. Ford Motor Credit Co.*, 66 Md. App. 46, 51, 502 A.2d 1057, 1065 (1986)). As such, there are very few cases in which the Maryland Court of Appeals has upheld claims of intentional infliction of emotional distress. *See Batson v. Shiflett*, 325 Md. 684, 735, 602 A.2d 1191, 1217 (1992) (identifying three instances in which it upheld such claims). The Court is faced with the question of whether the alleged conduct was "so extreme in degree, as to go beyond all possible bounds of decency," and undoubtably would "be regarded as atrocious, and utterly intolerable in a civilized community." *Batson v. Shiflett*, 325 Md. 684, 734, 602 A.2d 1191 (1992) (citation omitted). *See Dick v. Mercantile-Safe Deposit and Trust Co.*, 63 Md. App. 270, 276, 492 A.2d 674 (1985) (the conduct must strike to

the very core of one's being, threatening to shatter the frame upon which one's emotional fabric is hung). The emotional injury alleged in Plaintiff's Complaint does not constitute a claim upon which relief can be granted. In the instant case, the Court finds that the conduct Barnes alleges is not so "extreme and outrageous" to sustain a claim for intentional infliction of emotional distress. Plaintiff has pled no facts nor presented any arguments in its opposition to Defendant's motion to persuade the Court that the circumstances presented in the Complaint meet the high Maryland standard for this claim to lie. Barnes' interactions with Defendant's agents are not so egregious as to warrant a finding that they were "extreme and outrageous." Thus, even considering all of the evidence in the light most favorable to the Plaintiff, she has not alleged sufficient facts to establish all elements of the tort of intentional infliction of emotional distress under Maryland law, and the Court will dismiss Count IV of Plaintiff's Complaint.

### V. Count V: Negligent Infliction of Emotional Distress

Plaintiff also brings a claim for negligent infliction of emotional distress. Maryland does not recognize a cause of a action for negligent infliction of emotional distress. See Williams v. Prince George's County, Maryland, 112 Md. App. 526, 685 A.2d 884 (1996) (dismissing plaintiff's negligent infliction of emotional distress claim on ground that the tort is not recognized in Maryland); Bagwell v. Peninsula Regional Medical Center, 106 Md. App. 470, 517, 665 A.2d 297, 320 (1995) (negligent infliction of emotional distress claim could not survive as independent cause of action); Hamilton v. Ford Motor Credit Co. 66 Md. App. 46, 63, 502 A.2d 1057, 1066 (1986) (declining to recognize cause of action for negligent infliction of emotional distress). A cause of action for emotional distress as an independent tort is only available in cases in which the alleged conduct "amounts to extreme and outrageous recklessness." Hamilton, 66 Md. App. at 64.

In Count V in their Complaint, Barnes asserts a claim for damages under the theory of negligent infliction of emotional distress. As well-settled Maryland precedent indicates, and as Plaintiff concedes in her Opposition, this claim is not recognized in Maryland. Therefore, Plaintiff has not stated a claim upon which relief can be granted with respect to Count V. The Court will dismiss Count V.

### CONCLUSION

Having examined the legal sufficiency of the factual allegations in the Complaint, for the reasons set forth, the Court will grant Defendant's Motion to Dismiss as to all counts and grant Plaintiff leave to file an amended complaint within ten (10) days of the entry of the Order, to state a claim under the ADA only, and to name Montgomery County as the sole Defendant. A separate Order consistent with this Opinion will follow.

[fn1] The Court notes that the Department is an entity of Montgomery County, thus Montgomery County is the proper defendant in this case. The Department of Health is an unincorporated entity under the auspices of the executive branch of the Montgomery County government. Under Maryland law, a subordinate

governmental body such as the Montgomery County Department of Health is not given the power to sue or be sued. See *Montgomery County Code* § 1A-201(a)(1); and § 2-42A(a) and (c).

[fn2] One basis for Defendant's motion is that Plaintiff failed to make references to any measures which would correct Plaintiff's condition. In a recent decision, *Sutton v. United Airlines, Inc.*, 119 S. Ct. 2139 (1999), the Supreme Court held that "the determination of whether an individual is disabled should be made with reference to measures . . . that mitigate the individual's impairment." 119 S. Ct. at 2143. The availability of corrective measures goes to an assessment of whether a plaintiff's condition "substantially limits" a major life activity. *Id*. The plaintiffs in *Sutton* were refused jobs as pilots and claimed they were disabled because of poor eyesight. With eyeglasses, however, their corrected vision was 20/20 or better. Accordingly, the Supreme Court affirmed the dismissal of their complaint for failure to state a claim under the ADA. The Supreme Court recognized, however, that in some cases the use of medication may not eradicate the effects of illness, and a disability may remain due to symptoms of the condition itself which persist despite the effects of medication, or as a result of the medication's side-effects. *Id*. at 2149. In the case at bar, the Court notes that Plaintiff filed her Complaint on March 17, 1999. The *Sutton* case was not decided until June 22, 1999. Thus, the Court will not base its decision on the instant motion on the plaintiff's failure to make assertions regarding corrective measures under *Sutton*. The Court will, however, rely on principles reinforced by *Sutton* and mandate that Plaintiff comply with the pleading requirements set by *Sutton* in any future pleadings filed with this Court.

Copyright © 2003 Loislaw.com, Inc. All Rights Reserved