**EXHIBIT G**

2000 WL 218377
(Cite as: 2000 WL 218377 (D.Md.))

Page 1

**H**

Only the Westlaw citation is currently available.

United States District Court, D. Maryland.

Gordon B. McDERMOTT,
v.
The **NATIONAL SHIPPING COMPANY** OF SAUDI
ARABIA.

**No. CIV. CCB-99-3080.**

Jan. 24, 2000.

*MEMORANDUM*

BLAKE.

*1 Now pending before this Court is a motion by Defendant, The **National Shipping Company** of Saudi Arabia ("NSCSA"), to dismiss the complaint of Plaintiff Gordon B. McDermott for failure to state a claim. In his complaint, Plaintiff alleges that he entered into an employment contract with the Defendant for a period of not less than five years. In Count I of his complaint, Plaintiff asserts that the Defendant breached this contract by terminating Plaintiff's employment prior to the five year term. In Count II of his complaint, Plaintiff brings a claim for detrimental reliance upon the Defendants' promise of continued employment. Defendant moves to dismiss the complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted. This matter has been fully briefed and no hearing is necessary. *See* Local Rule 105.6. For the reasons that follow, the Court will grant the motion to dismiss.

*STANDARD OF REVIEW*

The Fourth Circuit recently summarized the basic principles governing the resolution of Rule 12(b)(6) motions:

The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint; "importantly, [a Rule 12(b)(6) motion] does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party v. Martin,* 980 F.2d 943, 952 (4th Cir.1992). Accordingly, a Rule 12(b)(6) motion should only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief. *See id.* ... We do note, however, that for purposes of Rule 12(b)(6), we are not required to accept as true the legal conclusions set forth in a plaintiff's complaint. *See District 28, United Mine Workers of Am., Inc. v.*

*Wellmore Coal Corp.,* 609 F.2d 1083, 1085 (4th Cir.1979).

*Edwards v. City of Goldsboro,* 178 F.3d 231, 243-44 (4th Cir.1999). Exhibits attached to the pleadings are considered part of the complaint. *See* Fed.R.Civ.P. 10(c). Where matters outside the pleadings are considered by the court, a defendant's motion to dismiss will be treated as one for summary judgment under Rule 56. *See* Fed.R.Civ.P. 12(b)(6).

*BACKGROUND*

The facts, as stated in Plaintiff's complaint, are as follows. In early 1996, McDermott, a New Jersey resident, was employed by Maersk, Inc. ("Maersk"), a steamship company known as a world leader in ocean transportation. (Compl.¶ 9) At that time, Defendant NSCSA, an international shipping company created under the laws of Saudi Arabia, maintained an office in Baltimore, Maryland, from which it conducted its operations in Baltimore and other areas of the United States. (Id. at ¶ 6) At some point in 1996, NSCSA began recruiting McDermott to head up the company's commercial operations marketing efforts. (*Id.* at ¶ 10) According to the complaint, NSCSA made various representations about a secure future with NSCSA. (*Id.*)

*2 On December 6, 1996, Ahmed Al Kowsi, a representative for NSCSA, sent a letter to McDermott offering him the position of "Vice President of Marketing/Owner Representative's Office." (*Id.* at ¶ 11 & Ex. A) The letter offered McDermott an annual salary of $110,000 and thirty days annual leave. (*Id.*) The letter also stated that "NSCSA will guarantee your employment and all expenses involved in transferring your sponsorship from your current employer to a Permanent Residency Visa with NSCSA." (*Id.*) According to McDermott, "[t]hrough its December 6, 1996 correspondence and other communications, NSCSA guaranteed McDermott's employment for a period of not less than five (5) years." (*Id.* at ¶ 12) McDermott accepted NSCSA's offer of employment, resigned from his position at Maersk, and began working at NSCSA's Baltimore office as the Vice President of Marketing/Owner's Representative's Office. (*Id.* at ¶¶ 13 & 15)

Unfortunately, in a letter dated October 12, 1997, Homoud Al Ajlan informed McDermott that the company was restructuring its operations. (*Id.* at ¶ 16 & Ex. B) The letter stated that the company was closing its Baltimore office and was terminating McDermott's employment effective October 31, 1997. (*Id.*) On October 31, 1997, NSCSA terminated McDermott's employment. (*Id.* at ¶ 17) The company paid McDermott two months additional salary, but has not paid McDermott any salary since December 31, 1997. (*Id.*)

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

On October 12, 1999, McDermott filed this action. In Count I of his complaint, McDermott alleges that NSCSA breached the employment contract by firing McDermott prior to the completion of his five year term. In Count II, McDermott brings an action for detrimental reliance. McDermott claims that, based on NSCSA's guarantee of employment, he left his position with Maersk and, as a result, continues to suffer serious financial loss and detriment to his career. On December 1, 1999, NSCSA filed a motion to dismiss for failure to state a claim upon which relief can be granted.

*ANALYSIS*
I. Plaintiff's Breach of Contract Claim

"It is a longstanding principle in Maryland that an indefinite hiring is prima facie a hiring at-will. Where, therefore, the employment contract is of an indefinite duration, the contract is one for at-will employment [and] either party at any time may legally terminate it." *Lubore v. RPM Associates, Inc.,* 109 Md.App. 312, 326 (Md.Ct.Spec.App.1996) (internal citations omitted). Therefore, unless NSCSA agreed to employ McDermott for a specified term, McDermott was an at-will employee and NSCSA was "legally entitled to terminate the contract at any time." *Id.* at 324; *see also Adler v. American Standard Corp.,* 291 Md. 31, 35 (1981) ("*Adler I* ").

Viewing McDermott's complaint in the most favorable light, and drawing all reasonable inferences, the complaint fails to allege sufficient facts to support a finding that NSCSA agreed to employ McDermott for a specified term. In support of his claim, McDermott attaches to his complaint the December 6, 1996, letter from Ahmed Al-Kowsi. Nowhere in that letter, however, does NSCSA promise to employ McDermott for a specified period of time. While the letter references McDermott's "annual" salary and leave, such references "concern the manner in which compensation was projected [and] do not indicate that [McDermott] was hired for a specific duration." *Lubore,* 109 Md.App. at 326.

*3 McDermott primarily relies upon a sentence in the December 6, 1996, letter stating that "NSCSA will guarantee your employment and all expenses involved in transferring your sponsorship from your current employer to a Permanent Residency Visa with NSCSA." Compl., Ex. A. To overcome the presumption of at-will employment by reference to another event, "the period of [Plaintiff's] employment [must be] tied to the accomplishment of [a] particularly defined task, the duration of which is fixed or finite." *Lubore,* 109 Md.App. at 326. Here, the letter's reference to McDermott obtaining a Permanent Residency Visa is simply "too indefinite and non- specific" to suggest that the parties were entering into an employment contract for a specified term. *Id.* at 327; *see also Francis v. Gaylord*

*Container Corp.,* 837 F.Supp. 858, 861-62 (S.D.Ohio 1992) (finding similar statements with respect to obtaining a green card insufficient to overcome Ohio's presumption of at-will employment).

Finally, McDermott's complaint refers to "other communications" and representations as to a secure future in a position with NSCSA. *See* Compl., ¶¶ 10 & 12. But, references to a secure or prosperous future cannot provide legally sufficient grounds to conclude that the parties agreed on a specific employment period. *See Lubore,* 109 Md.App. at 327 (*citing Wiand v. Case,* 154 F .Supp. 529, 545 (D.Md.1957) (even where a contract stated, " 'it is our desire to have [the employee] remain active in the business indefinitely,' " the employee was an at-will employee for an indefinite period)). Rather, such references merely reflected the parties' confidence, present at the inception of most employment relationships, that the alliance would last for a long time. *See Lubore,* 109 Md.App. at 327-28. [FN1]

> FN1. The complaint alleges that "[t]hrough its December 6, 1996 correspondence and other communications, NSCSA guaranteed McDermott's employment for a period of not less than five (5) years." Compl., ¶ 12. Nothing in the December 1996 letter, however, refers to a five-year term, and no "other communication" has been identified in the complaint or proffered in the opposition to the motion to dismiss that would suggest a legal basis for enforcing a five year term.

Although a court should not resolve contests surrounding the facts on a motion to dismiss, "a complaint may be dismissed as a matter of law if ... it alleges insufficient facts under a cognizable legal theory." *Mates v. North American Vaccine, Inc.,* 53 F.Supp.2d 814, 822 (D.Md.1999). Here, McDermott's complaint fails to allege sufficient facts to show that he was anything but an at-will employee. Since McDermott was an at-will employee, NSCSA was free to terminate his employment and McDermott does not have a claim for breach of contract. Accordingly, the Court will grant NSCSA's motion to dismiss Count I of the complaint.

II. Plaintiff's Detrimental Reliance Claim

In Count II of the complaint, McDermott brings a cause of action for detrimental reliance. According to McDermott, NSCSA guaranteed his employment for a period of time not less than five years. Based on that promise, McDermott left his employment with Maersk, thereby foregoing the benefits of Maersk's continued employment.

In *Pavel Enterprises, Inc. v. A.S. Johnson, Inc.,* 342 Md. 143 (1996), the Court of Appeals adopted the Restatement (Second) of Contracts formulation for detrimental reliance claims. That formulation, as set forth by the Court of

2000 WL 218377
(Cite as: 2000 WL 218377 (D.Md.))

Page 3

Appeals, involves a four-part test. *Id.* at 166. In Maryland, to succeed on a detrimental reliance claim, the Plaintiff must prove:

*4 1. a clear and definite promise;

2. where the promisor has a reasonable expectation that the offer will induce action or forbearance on the part of the promisee;

3. which does induce actual and reasonable action or forbearance by the promisee; and

4. causes a detriment which can only be avoided by the enforcement of the promise.

*Id.*

*Pavel* involved a claim between a general contractor and a subcontractor, *id.* at 146, and a detrimental reliance claim may not be available for an employee challenging the termination of his employment contract. Employment at-will "is a very far-reaching rule in Maryland, and attempts to circumvent it by relying on estoppel or similar theories have consistently met with failure." *Adler v. American Standard Corp.,* 538 F.Supp. 572, 581 (D.Md.1982) ( "*Adler II* "). For example, Maryland courts have rejected an implied covenant of fair dealing with respect to terminating an employment at-will relationship. *See Suburban Hospital, Inc. v. Dwiggins,* 324 Md. 294, 309 (1991).

Even assuming that a detrimental reliance claim could be available for an employee challenging the termination of his employment contract, McDermott's complaint fails to allege facts to support such a claim. To establish a detrimental reliance claim, the plaintiff's action must be reasonable. *Pavel,* 342 Md. at 166. Here, McDermott alleges that he left Maersk based on an expectation of long-term employment with NSCSA. As explained earlier, McDermott has not alleged any facts that could suggest that the parties were entering into an employment contract for a specified term. Therefore, he was an at-will employee and NSCSA could terminate him at any time. *Adler I,* 291 Md. 31, 35. As a result, neither McDermott's expectation of long-term employment nor his decision to leave Maersk based on that expectation were "reasonable" as a matter of law. *See McNierney v. McGraw-Hill, Inc.,* 919 F.Supp. 853, 861 (D.Md.1995) ("Because, McNierney's employment could be terminated 'at the pleasure of either party at any time' he was not justified in relying on McGraw Hill's statement of intent to hire him."); *see also Francis,* 837 F.Supp. at 861-62 (applying Ohio law, none of the employer's oral statements regarding the employment relationship led to a reasonable inference of continued employment). Unfortunately, even assuming the claim is available to him, McDermott cannot establish the third element of detrimental reliance under Maryland law, and the Court must grant NSCSA's motion to dismiss Count II.

A separate Order follows.

*ORDER*

For the reasons stated in the accompanying Memorandum, it is hereby ORDERED that:

1. The **National Shipping Company** of Saudi Arabia's motion to dismiss is granted;

2. This case is closed; and

3. Copies of this Order and the accompanying Memorandum shall be mailed to counsel of record.

2000 WL 218377, 2000 WL 218377 (D.Md.)

END OF DOCUMENT

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

18 Fed.Appx. 120

Page 1

**(Cite as: 18 Fed.Appx. 120, 2001 WL 1023207 (4th Cir.(Md.)))**

**H**

Briefs and Other Related Documents

This case was not selected for publication in the Federal Reporter.

UNPUBLISHED

Please use FIND to look at the applicable circuit court rule before citing this opinion. Fourth Circuit Rule 36(c). (FIND CTA4 Rule 36(c).)

United States Court of Appeals,
Fourth Circuit.

Gordon B. McDERMOTT, Plaintiff-Appellant,
v.
NATIONAL SHIPPING COMPANY OF SAUDI
ARABIA, Defendant-Appellee.

No. 00-2358.

Submitted May 24, 2001.
Decided Sept. 7, 2001.

Terminated executive sued employer, alleging breach of contract and detrimental reliance. The United States District Court for the District of Maryland, Catherine C. Blake, J., dismissed for failure to state a claim and denied motion to amend, and executive appealed. The Court of Appeals held that: (1) complaint was insufficient to defeat the presumption of at-will employment, so as to state a claim for breach of contract, and (2) executive failed to show detrimental reliance.

Affirmed.

West Headnotes

**[1] Master and Servant ☞20**
255k20 Most Cited Cases

**[1] Master and Servant ☞30(1.5)**
255k30(1.5) Most Cited Cases

Under Maryland's presumption of employment at-will, with narrow exceptions, an employment contract of indefinite duration can be legally terminated at the pleasure of either party at any time for any reason.

**[2] Master and Servant ☞39(1)**
255k39(1) Most Cited Cases

Complaint stating that "[t]hrough its December 6, 1996 correspondence and other communications, [employer] guaranteed [executive's] employment for a period of not less than five (5) years" was insufficient to defeat the presumption of at- will employment, so as to state a claim for breach of contract in termination of employment.

**[3] Estoppel ☞85**
156k85 Most Cited Cases

To state a claim for detrimental reliance under Maryland law, plaintiff must show: (1) a clear and definite promise; (2) where the promisor has a reasonable expectation that the offer will induce action or forbearance on the part of the promisee; (3) which does induce actual and reasonable action or forbearance by the promisee; and (4) causes a detriment which can only be avoided by the enforcement of the promise.

**[4] Estoppel ☞85**
156k85 Most Cited Cases

Assuming that detrimental reliance of some unusual or extraordinary character can constitute an exception to the at-will employment doctrine under Maryland law, executive could not reasonably rely on the employer's statement of intent to employ him, where it was clear that his employment was at-will.

**[5] Federal Civil Procedure ☞825**
170Ak825 Most Cited Cases

**[5] Federal Civil Procedure ☞1838**
170Ak1838 Most Cited Cases

Following the dismissal of the action, the ability to amend as of right no longer exists. Fed.Rules Civ.Proc.Rule 15(a), 28 U.S.C.A.
**\*121** Appeal from the United States District Court for the District of Maryland, at Baltimore. Catherine C. Blake, District Judge. (CA-99-3080- CCB).

John H. West, III, Samuel M. Riley, West & Moore, L.L.C., Baltimore, MD, for appellant. Frederick L. Kobb, Wright, Constable & Skeen, L.L.P., Baltimore, MD, for appellee.

Before WIDENER, WILKINS, and KING, Circuit JJ.

OPINION

PER CURIAM.

**\*\*1** Gordon B. McDermott appeals the district court orders dismissing his breach of contract and detrimental reliance claims against National Shipping Company of Saudi Arabia ("NSCSA") pursuant to Fed.R.Civ.P. 12(b)(6) and denying reconsideration of that order and leave to amend. We affirm.

McDermott accepted the position of Vice President of

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

Marketing/Owner Representative's Office with NSCSA around December 1996. In October 1997, NSCSA terminated McDermott due to company restructuring. McDermott filed a diversity suit in district court claiming NSCSA breached its employment agreement with him. McDermott also alleged a claim of detrimental reliance.

NSCSA moved to dismiss McDermott's suit pursuant to Fed.R.Civ.P. 12(b)(6), asserting McDermott could not show a definite term of employment and under Maryland's presumption of at-will employment, could not state a claim upon which relief could be granted. The district court granted NSCSA's motion. McDermott filed a motion pursuant to Fed.R.Civ.P. 15(a), 59(e), requesting the court to reconsider its order and requesting leave to file an amended complaint. The district court denied the motion and McDermott appealed.

[1] This Court reviews de novo a district court's Rule 12(b)(6) dismissal for failure to state a claim upon which relief may be granted. *See Flood v. New Hanover County,* 125 F.3d 249, 251 (4th Cir.1997). We accept the complainant's well-pleaded allegations as true and view the facts in the light most favorable to the non-moving party. *See Mylan Labs., Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir.1993). Under Maryland's presumption of employment at-will, with narrow exceptions not claimed by McDermott to be applicable, an employment contract of indefinite duration can be legally terminated at the pleasure of either party at any time for any reason. *See Adler v. American Standard Corp.,* 291 Md. 31, 432 A.2d 464, 467 (Md.1981). When an employment contract "does not expressly specify a particular time or event terminating the employment relationship" it is considered at-will. *Shapiro v. Massengill,* 105 Md.App. 743, 661 A.2d 202, 208 (Md.Ct.Spec.App.1995).

*122 [2] McDermott's complaint stated that "[t]hrough its December 6, 1996 correspondence and other communications, NSCSA guaranteed McDermott's employment for a period of not less than five (5) years." We find neither the December 6, 1996 correspondence nor any other allegation in McDermott's pleadings set out sufficient facts to defeat the presumption of at-will employment.

[3] To state a claim for detrimental reliance under Maryland law, McDermott must show:
   (1) a clear and definite promise; (2) where the promisor has a reasonable expectation that the offer will induce action or forbearance on the part of the promisee; (3) which does induce actual and reasonable action or forbearance by the promisee; and (4) causes a detriment which can only be avoided by the enforcement of the promise.
*Pavel Enters., Inc. v. A.S. Johnson, Inc.,* 342 Md. 143, 674

A.2d 521, 532 (Md.1996).

**2 [4] Assuming without deciding that detrimental reliance of some unusual or extraordinary character can constitute an exception to the at-will employment doctrine, we find McDermott's claims unpersuasive. At bottom, McDermott's assertions of detrimental reliance are garden variety claims that, if recognized as adequate exceptions to defeat application of the doctrine, would virtually swallow the rule. Rather, it is clear that because McDermott's employment was at-will, he could not reasonably rely on the employer's statement of his intent to employ him. *See McNierney v.. McGraw-Hill, Inc.,* 919 F.Supp. 853, 861 (D.Md.1995). Therefore, McDermott's claim fails.

[5] The denial of a request for leave to amend a complaint pursuant to Fed.R.Civ.P. 15(a) is reviewed for abuse of discretion. *See Edwards v. City of Goldsboro,* 178 F.3d 231, 242 (4th Cir.1999). Following the dismissal of the action, the ability to amend as of right no longer exists. *See Sachs v. Snider,* 631 F.2d 350, 351 (4th Cir.1980) (per curiam). We find the district court did not abuse its discretion in denying McDermott's motion to reconsider and to amend.

We therefore affirm the district court's dismissal of McDermott's action and denial of his motion for reconsideration and to amend. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED.*

18 Fed.Appx. 120, 2001 WL 1023207 (4th Cir.(Md.))

Briefs and Other Related Documents (Back to top)

• 2001 WL 34109997 (Appellate Brief) Brief of Appellee (Feb. 07, 2001)

• 2001 WL 34109996 (Appellate Brief) Brief of Appellant (Jan. 08, 2001)

END OF DOCUMENT

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works