IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| **ANTHONY PASSAUER**<br><br>**Plaintiff,**<br><br>v.<br><br>**QUEST DIAGNOSTICS INCORPORATED,**<br><br>**Defendant.** | **Civil No.: CCB 03-CV-159** |

### OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY

Now comes Defendant Quest Diagnostics Incorporated ("Quest"), by counsel, and states its opposition to Plaintiff's Motion to Compel Discovery. For the reasons stated below, Plaintiff's motion is without merit.

By his motion, Plaintiff seeks to compel Quest to respond substantively to his grossly untimely interrogatories and request for production ("discovery requests"). In support, he apparently relies on an alleged misunderstanding concerning a prior Agreed Motion to Modify Scheduling Order that extended discovery for the purposes of taking his deposition (Motion, ¶ 1-2), and his prior accommodation of Quest's counsel, which he incorrectly suggests has been one-sided. (Id. ¶ 3.) In so doing, however, he has presented to this Court only part of the pertinent events and a skewed version of this Court's Order on the Agreed Motion. The history of this case, set forth in detail below, demonstrates that there was no misunderstanding concerning the nature of the Agreed Motion, and that both counsel have been equally accommodating. Further, the language of both the Agreed Motion and this Court's Order make it clear that discovery was extended <u>only for the purpose of taking Plaintiff's deposition</u>, and

DC:233585v1

not for any other discovery. Plaintiff is simply asking the Court, without justification, to relieve him from his own failure to serve timely discovery. Accordingly, Plaintiff's motion should be denied.

**THE FACTS**

This case was originally filed in the Circuit Court for Baltimore County on December 13, 2002. On January 17, 2003,[1] Quest removed the case to this Court on both federal question and diversity grounds. It was subsequently discovered that, due to a one-digit error in the address of Plaintiff's counsel, J. Scott Morse, Esq., the copy of the Notice of Removal[2] and related papers sent to him was delayed in reaching him. However, on January 24, counsel for Quest, Brian Steinbach, Esq., spoke with Mr. Morse and informed him that the case had been removed. At that time Mr. Morse also agreed to a two-week extension of time to file an Answer, from January 27, until February 10. (Declaration of Brian Steinbach ("Steinbach Dec.") (attached as Exhibit A) ¶ 2.) On January 25, Quest filed an Agreed Motion to that effect, which this Court granted on January 27.

On February 5, the post office returned to Mr. Steinbach the copy of the removal papers sent to Mr. Morse, at which time the addressing error was discovered. Mr. Steinbach immediately sent him a set of the removal papers to the correct address, as well as the Agreed Motion to extend the time for filing an Answer. (Steinbach Dec. ¶ 3 and Ex. 1.)[3]

On February 10, Quest filed its Answer. The next day, February 11, this Court issued its Scheduling Order. Among other things, the Scheduling Order set June 25 for the close of

---

[1] Unless otherwise noted, all dates are in 2003.

[2] Plaintiff incorrectly describes this as a "Notice of Intention to Remove."

[3] Thus, Plaintiff is incorrect in stating, Motion to Compel at ¶ 4(b), that he "never received" these documents.

2

discovery. Consistent with Local Rule 104(2), the Scheduling Order also made it clear that this deadline meant that "all written discovery requests must be served in time to assure that they are answered before the discovery deadline."

Meanwhile, beginning with their conversation on January 24, the parties engaged in settlement discussions, which continued through June 19. During these discussions, <u>both</u> counsel shared some factual information about their cases. Mr. Morse also produced a tape recording of a telephone message left on Plaintiff's answering machine by one of Quest's Human Resources employees. (Steinbach Dec. ¶ 4.)[4]

In light of the settlement discussions, Quest delayed serving written discovery on Plaintiff until May 23, the last possible day that would allow a response by the June 25 date for ending discovery (if served by mail). The May 23 deadline passed, however, without Plaintiff serving any written discovery, or any request from Mr. Morse for an extension of time to do so. (Steinbach Dec. ¶ 5.)

By letter dated and faxed June 9, Mr. Steinbach reminded Mr. Morse that discovery ended on June 25, and proposed several dates for the Plaintiff's deposition from June 19 through June 25. (Steinbach Dec. ¶ 6 and Ex. 2.) The same day, Mr. Morse called Mr. Steinbach and acknowledged receipt of the letter and renewed settlement discussions. On June 13, Mr. Morse called Mr. Steinbach and informed him that Plaintiff was in the hospital and would be so for another week, and therefore could not be available for his deposition on the proposed dates. The parties also further discussed settlement and briefly touched on the

---

[4] An agreed transcript of this tape recording, as later introduced at Plaintiff's deposition as Dep. Ex. 9, has been submitted to this Court in support of Quest's Motion for Summary Judgment. (<u>Id.</u> at n.2.)

possible need to extend discovery for the purposes of taking Plaintiff's deposition if there was no settlement. (Id. ¶ 6.)

By email on June 19, Mr. Steinbach informed Mr. Morse that his last settlement offer was rejected and that Quest would not be increasing its prior offer. (Steinbach Dec. ¶ 7 and Ex. 3.) The email went on to state:

> In light of Mr. Passauer's hospitalization, we need to extend discovery (which closes June 25) for the purposes of taking his deposition. As I recall, he was hospitalized last week, was expected to remain in the hospital through this week, and likely will need at least a few days to recuperate. I would be happy to prepare a consent motion doing so for thirty days, as well as extending the other remaining deadlines for thirty days. This should allow some time for recovery before deposing him. Please let me know.

(Id., Ex. 3.) By email the next day, June 20, Mr. Morse agreed to this proposal, except that he suggested 60 days instead of 30. (Id., ¶ 8 and Ex. 4.) Mr. Steinbach responded the same day that he would likely have a draft by Monday or Tuesday, and that 60 days probably was fine. (Id. ¶ 8 and Ex. 5.) Notably, there was no reference in any of these communications to extending discovery for any purpose other than the Plaintiff's deposition.

At 1:55 p.m. on Monday, June 23, Mr. Steinbach faxed a draft joint motion to Mr. Morse. (Id., ¶ 9 and Ex. 6) However, Mr. Morse did not respond. After attempting to contact Mr. Morse for his comments on Wednesday morning, June 25, the last day of discovery, that afternoon Mr. Steinbach left a message for Mr. Morse that he would convert the draft joint motion to an agreed motion and file it that day. (Id., ¶ 9.)

The Agreed Motion to Modify Scheduling Order was filed on June 25. It stated, in pertinent part:

> 2. The parties have engaged in discovery, and also have engaged in unsuccessful settlement discussions. The parties had also discussed scheduling the Plaintiff's deposition for the week of June 16, 2003.
>
> 3. However, Plaintiff was hospitalized on or about June 13, 2003, was expected to be in the hospital at least one week, and thereafter was expected to have a recuperation period of unknown length. As a result, Defendant was unable to take Plaintiff's deposition during the week of June 16, and it will not be possible to schedule his deposition until sometime after the present June 25 date for the close of discovery.
>
> 4. Accordingly, Defendant requests that the Court extend the discovery deadline by sixty days, or through Tuesday, August 26, 2003, for the purpose of Defendant taking the deposition of Plaintiff. Defendant further requests that the other remaining deadlines in the scheduling order be extended by an equivalent amount.
>
> * * * * *
>
> WHEREFORE, Defendant respectfully requests that its motion be granted, that discovery be extended sixty days, or through Tuesday, August 26, 2003, for the purpose of Defendant taking the deposition of Plaintiff, and that the other remaining deadlines in the scheduling order also be extended by an equivalent amount. An appropriate Order is attached.

(Steinbach Dec. ¶10 and Ex. 7.) On July 1, Mr. Morse acknowledged seeing the Agreed Motion and that it was acceptable. (Id. ¶ 10.) The same day, this Court granted the Agreed Motion, signing the Order submitted by Quest. In pertinent part, the Order stated:

> ORDERED, that the deadline for completing discovery is extended through August 28, 2003 for the purposes of Defendant taking the deposition of Plaintiff[.]

(Steinbach Dec. ¶ 11 and Ex. 8.)

By letter to Mr. Morse dated July 2, Mr. Steinbach noted that the responses to Quest's written discovery requests were overdue. He also noted that he was aware that Plaintiff was in the hospital the week prior to the due date. He asked for a commitment that the responses would be provided in the near future. (Steinbach Dec. ¶ 12 and Ex. 9.) In a telephone

5

conversation on or about July 7, they agreed to a delay until no later than July 25. Mr. Steinbach confirmed this agreement in a July 11 email. (Id. and Ex. 10.)

By email on July 11 Mr. Morse requested that Mr. Steinbach send him another copy of Quest's written discovery, which he did the same day. (Steinbach Dec. ¶ 13 and Ex. 11.) Plaintiff ultimately did not serve his responses until July 22, four weeks after the date they originally were due. (Id. and Ex. 12.)[5] Through a series of emails from July 11 through July 24, the parties also agreed to schedule Plaintiff's deposition for August 7, at Mr. Morse's office. Based on Mr. Morse's representation that, in light of his recent hospitalization Plaintiff could not afford to miss work, Quest agreed to a 3:30 start so that he could come after work, despite the fact that this would mean that both the Quest representative and counsel would have to work into the evening.[6] (Steinbach Dec. ¶ 13 and Exs. 10 and 13.) An appropriate Notice of Deposition issued on July 24. (Id. and Ex. 14.)

On July 23, Plaintiff served the written discovery requests that are the subject of his current motion. On August 6, Mr. Steinbach learned of an emergency that would occupy him through the next Tuesday (August 12) and would make it necessary to postpone the deposition. He so notified Mr. Morse, at the same time offering three alternative dates. The parties quickly agreed to reschedule the deposition for August 15, at the same time, and the deposition went forward on that date. (Steinbach Dec. ¶ 15 and Ex. 15.)

Also on August 15, Quest served its responses to Plaintiff's written discovery requests,

---

[5] Among other things, Plaintiff's responses incorporated by reference the tape recording previously produced informally. (Id.)

[6] Notably, at his deposition Plaintiff testified that he did not go back to work until the week of August 11. (Steinbach Dec. ¶ 15.)

objecting to the requests in their entirety. (Steinbach Dec. ¶16 and Ex. 16.) Although Plaintiff is asking this Court to rule on the validity of these objections raised therein, he inexplicably failed to attach these responses to his Motion to Compel, or even to quote from them. As the responses reflect, Quest first objected to all of the interrogatories and the requests for production on the grounds that they were untimely and not served in accordance with the requirements of the Federal Rules of Civil Procedures, the Local Rules of this Court, or the scheduling order applicable to this case. In the case of the interrogatories, the general objections went on to state:

> Among other things, the set of interrogatories was not made and served sufficiently in advance of the June 25, 2003 discovery deadline for the response to be due no later than the discovery deadline, in violation of Local Rule 104(2) and part II (a) of the scheduling order; to the contrary, it was dated and served over a month after the discovery deadline. Although the Court's July 1, 2003 Order extended discovery through August 26, 2003 for the purposes of Defendant taking the deposition of Plaintiff, it did not extend discovery for any other purpose. In addition, the interrogatories purport to require responses in accordance with the Maryland Rules of Procedure, rather than the Federal Rules of Civil Procedure that govern this action.

Defendant's Objections to Plaintiff's First Set of Interrogatories. (Id., Ex. 16.) Defendant's Objections to Plaintiff's First Request for Production (Id., Ex. 16) contained similar language.

On August 18, Mr. Morse left Mr. Steinbach a voice mail message that noted his receipt of the response and in effect asked him to reconsider the objections. At the time Mr. Morse was aware that Mr. Steinbach was away on vacation and would not return to the office until August 26. (Steinbach Dec. ¶ 17 and Ex. 17.) On August 28, Mr. Steinbach responded with a letter recounting the history of the discovery deadlines, further explaining Quest's position, and expressly declining to reconsider the decision to object and not provide any other responses.

(Steinbach Dec. ¶ 18 and Ex. 16.)[7] On August 29, Mr. Morse left Mr. Steinbach another voice mail stating his position and further stating that if he did not hear back by Tuesday (September 2) that Quest would be responding, he would file a motion that day. As Quest had decided not to further respond to Plaintiff's written discovery, Mr. Steinbach did not call back. (Steinbach Dec. ¶ 19 and Ex. 17.) Finally, on September 8, Plaintiff filed his motion to compel.

## **ARGUMENT**

As the above factual recital makes clear, pursuant to this Court's Scheduling Order all written discovery requests had to be served by May 23 in order to meet the requirement that they be served in time to assure that they were answered before the June 25 discovery deadline. Plaintiff, by not serving his written discovery until July 22, missed this deadline by two months.

Plaintiff nonetheless asks to be relieved from this failure on the grounds that there was somehow a "misunderstanding or miscommunication" at the time that Quest filed the Consent Motion. The facts do not support this claim.

First, even at the time that the parties were discussing extending discovery for the purposes of taking the Plaintiff's deposition, Plaintiff had <u>already missed</u> the deadline for serving written discovery. Thus, the deadline could no longer be extended; instead, the period for serving written discovery would have had to be reopened. Under these circumstances, if Plaintiff sought to be relieved from his failure to serve timely written discovery, it was incumbent on him or his counsel specifically to make such a request – which they never did.

---

[7] The letter also noted that in Defendant's Status Report filed on August 26 (the day it was due), Quest had stated its intent to file a motion for summary judgment. Consistent with his other difficulties in complying with this Court's scheduling Order, Plaintiff still has not filed a Status Report.

Second, the written communications between the parties in advance of the filing of the Consent Motion show that the only subject was extending discovery <u>for the purposes of taking Plaintiff's deposition</u>, in light of the Plaintiff's unavailability before the discovery deadline due to his hospitalization. There was no discussion of any other discovery that needed to be done, much less any suggestion of a need to extend discovery for that purpose.

Third, both the draft Consent Motion and the filed Agreed Motion clearly stated that the extension was requested solely for the purposes of taking Plaintiff's deposition, and this Court's Order specifically stated "that the deadline for completing discovery is extended through August 26, 2003 <u>for the purposes of Quest taking the deposition of Plaintiff</u>" (emphasis added). <u>Nothing</u> was said in the Motion or the Order regarding any other form of discovery.

Finally, the request that "the other remaining deadlines in the scheduling order be extended by an equivalent amount" clearly referred to the three other deadlines specifically delineated in this Court's Order: the deadlines (1) for submitting a status report, (2) for requests for admission, and (3) for dispositive pretrial motions, all of which normally occur at specific intervals after the completion of all discovery. Plaintiff cannot rely on the extension of these other deadlines as the basis for any claimed misunderstanding or miscommunication that all of discovery was extended.

Plaintiff appears to argue, in the alternative, that his untimely service of written discovery should be excused because he has previously accommodated Quest's counsel. As the detailed factual recitation above shows, both counsel have accommodated each other throughout this litigation, both where requests have been made in advance of deadlines and in the exchange of information that it was hoped would lead to settlement – and which, in any

event, was otherwise discoverable.[8] In addition, counsel for Quest readily agreed to a considerable delay in Plaintiff responding to Quest's timely served written discovery. Thus, this is not a situation in which, as Plaintiff implies, defense counsel has taken advantage of Plaintiff counsel's willingness to be cooperative, only to refuse the same accommodation to the Plaintiff. Rather, Quest has simply asserted its right to decline to respond to discovery that was served well outside the deadline for doing so, without any valid justification and without any prior request for an extension of time.

This Court issues scheduling orders for a reason. While it certainly is appropriate for deadlines to be extended for good cause shown, or even simply as a courtesy to accommodate the busy schedules of counsel, Plaintiff has shown no reason why he should be allowed to obtain substantive responses to discovery requests that were served <u>two months late</u> without any request for an extension. Notably, his delay in serving written discovery is consistent with his approach to other deadlines, <u>e.g.</u> the delay in responding to Quest's written discovery (to which Quest did not object) and his failure to file a status report.[9] The entire discovery period has long ended and Quest has filed a dispositive motion. In the absence of

---

[8] Plaintiff's suggestion that he could have filed a motion concerning the delay in his receipt of the Notice of Removal likely is incorrect. Under 28 U.S.C. § 1446, removal occurs as soon as the Notice of Removal is filed in the appropriate federal court and a copy is filed in the state court. Thus, the Circuit Court for Baltimore lost any power to act in this case as soon as the Notice of Removal was filed. While Quest was required to serve a copy on Plaintiff, the delay in Plaintiff's receiving that copy did not affect the validity of the removal itself. In any event, Plaintiff's orally was informed of the removal within a week, at nearly the same time that he would have learned if the mailed copy had been correctly addressed.

[9] Plaintiff also does not appear to have followed this Court's procedure for filing the present motion. Local Rule 104(8) requires that discovery motions, other than those directed at complete failures to respond, first be served on the opposing counsel rather than filed with the court, and that opposing counsel be given fourteen days to serve a response, before the motion can be presented to the Court. Plaintiff has not done so. Plaintiff also failed, as noted above, to attach a copy of the disputed responses to his motion. Consistent with his failure to follow the rules of this Court, Plaintiff even sought responses to his discovery pursuant to the provisions of the Maryland Rules.

any justification other than Plaintiff's own failure to realize that the time to serve written requests had passed, for the Court to reopen discovery at this date would be inappropriate, would be prejudicial to Quest, and would unreasonably delay the ultimate disposition of this case.

### CONCLUSION

For the reasons set forth above, Plaintiff has stated no grounds for requiring Quest to respond to his untimely served written discovery requests. Accordingly, Quest asks that Plaintiff's Motion to Compel be denied.

Respectfully submitted,

\_\_\_\_\_/s/_____
Frank C. Morris, Jr., Esq.
Bar No. 05157
Brian W. Steinbach, Esq.
Bar No. 024849
EPSTEIN BECKER & GREEN, P.C.
1227 25th Street, N.W., Suite 700
Washington, D.C. 20037

Attorneys for Defendant
Quest Diagnostics Incorporated

Dated: September 25, 2003

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on September 25, 2003, a copy of the Opposition to Plaintiff's Motion to Compel Discovery was electronically filed and served on the following

> J. Scott Morse, Esq.
> Law Office of J. Scott Morse, LLC
> 334 St. Paul Place
> Baltimore, MD 21202
>
> Attorneys for Plaintiff

_____/s/_____
Brian W. Steinbach, Esq.
Bar No. 024849
EPSTEIN BECKER & GREEN, P.C.
1227 25th Street, N.W., Suite 700
Washington, D.C. 20037
(202) 861-0900
Fax: (202) 296-2882