AFFIDAVIT
OF
ANTHONY PASSAUER

I, Anthony Passauer, am over the age of 18 and am competent to testify in the matters stated below.  This affidavit is based upon my person knowledge of the facts and circumstances stated below.

I needed to have surgery on my shoulder, so I applied with my employer for leave in January, 2000.  I had taken disability leave several years earlier and, at that time, not having my job upon my return was never even mentioned or discussed with my employer, and no conditions or terms were placed upon my leave.  My employer always treated me fairly, and I had no reason to think that they would not do so in this case.

Until I received the FMLA letter dated June 17, 2003, I had no idea what FMLA was, or that there were any requirements or restrictions relating to my return to work that would affect whether or not I still had my job.  I though that I was being given disability leave, like before, and that I would have my job back whenever it was that I could return to work, and I was given no indication otherwise.  The employee handbook does not say anything about losing your job if you go out on disability.

After reading the FMLA letter, I realized that there were terms that both sides had to live up to, and I accepted and agreed to those terms.  If I had know that Defendant would act in bad faith and not meet their end of the bargain, I would have sough other options, such as postponing the surgery or arranging to take my seven weeks vacation leave before or after my FMLA leave, so that he could have extra time to heal fully and return to work with no restrictions, and not be in jeopardy of losing my job.

In my  view, I "returned to work" as required under the FMLA letter within the twelve week deadline by tendering my return to work on April 5, 2000.  When I received a phone message later that day, I believed that my return to work under FMLA had been accepted, in person, by the Human Resources office earlier that day, and that my employer was exercising their option, under the FMLA, to have me take additional approved leave, as they claimed that my job required an accommodation that they could not meet.  My real feeling was that they did not want to take a chance of me getting hurt at work, and though it was safer for them to have me return after my restriction was lifted.  I had no idea that they were claiming I was in violation of FMLA or that my job was in jeopardy.  If they had so informed me, I would have immediately

taken action to protect my job, such as getting my restriction lifted, contesting the fact that my
job required lifting over 30 pounds, contesting the fact that no accommodation could be made,
inquiring about other jobs/positions such as the "supervisor of logistics," applied to use vacation
or sick leave, etc.

It was not an essential function of my job to lift over 30 pounds.  I rarely, if ever, had to
lift over 30 pounds.  My approximation is less than 1% of the time did I have to lift over 30
pounds.  My main job functions were to track shipping/inventory on the computer and count
boxes/supplies.  I was a certified forklift operator, and the forklift was used to do any major
lifting, aside from the occasional moving of office furniture and the like, which I did as a good
employee to help out my employer on rare occasions, even though it was not my regular job
function.  Additionally, I had two employees working under me who could do any of the rare
lifting over 30 pounds during the few weeks that I was on restriction.

                                                _____/S/*_____
                                                Anthony Passauer


STATE OF MARYLAND, BALTIMORE CITY:
    I HEREBY CERTIFY that on this ___ day of _____, 2003, appeared before
me, the subscriber, a NOTARY PUBLIC of the State of Maryland, personally appeared Robert F.
Leard, Jr., who acknowledged the foregoing AFFIDAVIT to be his act and deed.

    IN WITNESS WHEREOF, I have hereunto set my hand and Notarial Seal.


_____/S/*_____        My Commission expires _____


    *Counsel hereby certifies that I have a signed copy of the foregoing document available
for inspection at any time by the Court or a party to this action