IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANTHONY PASSAUER                         :
                                         :
    v.                                   :   CIVIL ACTION NO. CCB-03-159
                                         :
QUEST DIAGNOSTICS, INC.                  :

..oOo..

**<u>O R D E R</u>**

Judge Catherine C. Blake granted the defendant's motion for summary judgment on April 22, 2004. Judgment was entered that same date. On April 23, 2004, defendant electronically filed a Bill of Costs, seeking remuneration for $517.00 in court reporter fees associated with taking plaintiff's deposition and obtaining a copy of the transcript. (Paper No. 24.) No opposition has been filed.

The Clerk may tax the costs of depositions under Fed. R. Civ. P. 54(d) where they are necessary for the case. *See generally Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437 (1987). To determine if a deposition expense is taxable, the undersigned must "consider the extent of actual use of each deposition and whether the taking was reasonably necessary to the party's case in light of the particular situation existing at the time of taking. It is not necessarily fatal to taxation that a deposition was not introduced or otherwise used at the trial." *See Advance Business Systems & Supply Co. v. SCM Corporation*, 287 F. Supp. 143, 165 (D.Md. *1968), aff'd as modified,* 415 F.2d 55 (4th Cir. 1969), *cert. denied*, 397 U.S. 920 (1970); *see also Lavay Corp. v. Dominion Fed. Sav. & Loan Ass'n*, 830 F.2d 522, 528 (4th Cir. 1987), *cert. denied*, 484 U.S. 1065 (1988).

While the court may allow a deposition expense if the taking of that deposition was "reasonably necessary" in "light of the particular situation existing at the time of the taking," the undersigned Deputy Clerk's authority is more limited. In this district the Clerk has traditionally

allowed: (1) *the costs associated with deposing the parties in the case*; (2) *the costs of those depositions that were actually used in connection with the event that terminated the litigation*; and (3) the deposition costs associated with those deponents who testified at trial.

It is within my discretion to award recoverable costs associated with the transcript of plaintiff's deposition. However, because the statement of the August 15, 2003 Passauer deposition does not include the number of deposition pages transcribed or a per page rate, I cannot determine the reasonableness of the particular fee. (*See* Paper No. 24, Ex. A.) Therefore, costs shall be denied in their entirety.[1]

DATED this ___9th___ day of June, 2004.

_____/s/_____
Frances E. Kessler, Deputy Clerk
for: Felicia Cannon, Clerk of the Court

2

---

[1] Defendant may seek review of this decision pursuant to Fed. R. Civ. P. 54(d)(1).